UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE CORZO EXPOSITO, | No. 1:26-cv-01847-DJC-DMC |
| Petitioner, | |
| v. | ORDER |
| WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, | A# 244-362-964 |
| Respondents. | |

Petitioner Rene Corzo Exposito is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1). The Court has previously addressed the legal issues raised in Count 3 of the First Amended Petition. *See M.B. v. Noem*, 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026); *Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC, 2026 WL 253425 (E.D. Cal. Jan 30, 2026). In those cases, the Court joined the great weight of authority in concluding that due process requires notice and an opportunity to be heard in the revocation of parole.

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Count 3 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 11.) Respondents stated that generally "Respondents do not

have legal arguments to distinguish this case from prior orders issued by the Court, nor do Respondents find material factual differences between this case and those identified by the Court[.]"  (ECF No. 12 at 1.)  However, Respondents also argue that, per the federal regulations, "[t]here is no requirement for a hearing to terminate parole[,]" and that "[b]y publishing in the federal register the conditions under which parole could be terminated Petitioner was placed on notice that a hearing was not required prior to parole being terminated and therefore could not develop a liberty interest in his release without a pre-deprivation hearing." (*Id.*)  This argument is unpersuasive.  In effect, Respondents suggest that the Government can eliminate the protections of due process by simply issuing regulations that puts individuals on notice that they are not entitled to an opportunity to be heard.  To the contrary, the constitutional protections of due process trump any conflicting regulation; the government cannot simply regulate away those rights.  Respondents cite *Luna v. Holder*, 659 F.3d 753, 760 (9th Cir. 2011), but that decision, which addressed the Executive Office for Immigration Review's imposition of a deadline to seek certain relief, provides little support for Respondents' position.

Accordingly, as Respondents have not made any new legal arguments and have not identified any other factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 10) is GRANTED as to Count 3, for the reasons stated in those prior orders.[1]

Within fourteen (14) days of this Order, Respondents shall afford Petitioner Rene Corzo Exposito a constitutionally adequate bond hearing before an Immigration Judge.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **April 27, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE